

United States Department of Justice

*United States Attorney*
*Northern District of New York*

---

*445 Broadway, Room 218*         *Tel.: (518) 431-0247*
*James T. Foley U.S. Courthouse*  *Fax: (518) 431-0249*
*Albany, New York 12207-2924*

September 24, 2024

Hon. Anne M. Nardacci
U.S. District Judge, Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

    Re:    *United States v. Anthony Luizzi*
            Criminal Case No. 1:24-cr-00101-AMN

Dear Judge Nardacci:

      The United States writes to respond to the defendant's sentencing memorandum dated September 24, 2024. Dkt. No. 40. The defendant requests a four-level downward adjustment to the Sentencing Guidelines calculation on the basis that the defendant was a "minor participant" in the offense under U.S.S.G. § 3B1.2. The United States requests that the Court deny the defendant's request for the "minimal participant" reduction for two main reasons.

      As an initial matter, the defendant waived his right to object to the U.S. Probation Office's sentencing guideline calculation. "Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, *sentencing guideline ranges*, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1) (emphasis added). A defendant forfeits his right to challenge a pre-sentence investigation report's contents and Guidelines calculation when he fails to timely object. *See, e.g.*, *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) (failure to object to pre-sentence report constitutes waiver); *United States v. Soliman*, 889 F.2d 441, 445 (2d Cir.1989) (holding that defendant forfeited his right to challenge the PSR's contents on appeal when he failed to object to it at sentencing). These deadlines allow Probation to appropriately consider, investigate, and respond to the parties' objections. *See* Fed. R. Crim. P. 32(f)(3).

      Here, the defendant failed to raise or object to Probation's purported failure to apply the "minimal participant" downward adjustment until now, eight days before sentencing. *See* Dkt. No. 32 ("PSIR") at 30 (noting defendant's objections to certain sentencing enhancements but not raising the "minimal participant" adjustment"); Dkt. No. 40 at 4 ("The PSR did not even address Mr. Luizzi's role as a 'minor participant' in the offense…"). Having failed to timely object, the defendant has waived his right to object to the PSIR on that basis now.

      Regardless of the timeliness of the objection, Luizzi is not a "minimal participant" or "minor participant." When determining whether a defendant is a "minimal participant" or a "minor participant," courts consider the totality of the circumstances, including the degree of the

defendant's knowledge of the scope and structure of the criminal activity, the degree of his participation, the degree of his decision-making authority, the nature and extent of his participation, and the degree to which he stood to benefit. U.S.S.G. § 3B1.2, App. Note 3; *see United States v. Yu*, 285 F.3d 192, 200 (2d Cir. 2002).

While "minimal participants" and "minor participants" are less culpable than most other participants in the criminal activity, U.S.S.G. § 3B1.2, App. Notes 4-5, "being comparatively less culpable than the other defendants and obtaining minimal participant status are not necessarily synonymous." *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir. 1991); *see United States v. Solis*, 18 F.4th 395, 402 (2d Cir. 2021) ("Even assuming defendants played a lesser role than others who planned, organized, and financed the narcotics activity, the district court did not abuse its discretion in concluding that defendants were not minor participants and declining to grant them the reduction."); *United States v. Carpenter*, 252 F.3d 230, 235 (2d Cir. 2001) (finding that minimal participant reduction "will not be available simply because the defendant played a lesser role than his co-conspirators"). Individuals who actively participate in a drug conspiracy are typically not entitled to a reduction. *See United States v. Solis*, 18 F.4th 395, 402 (2d Cir. 2021) (no reduction where defendants knew they were responsible for transporting significant amounts of narcotics and understood the scope of conspiracy); *United States v. Villasenor*, 977 F.2d 331, 336 (7th Cir. 1992) (defendant not entitled to reduction where he was involved in multiple transactions and actively participated in the conspiracy). Indeed, a defendant is not a "minimal" participant where he permits the use of his premises as a base of operations for at least some of the conspiratorial business, was present during several drug purchases, and was involved in drug transactions. *See, e.g.*, *United States v. Hodges*, 935 F.2d 766, 775 (6th Cir. 1991).

Here, the defendant has admitted not only to storing a large supply of drugs for his co-conspirators at the Twin Lakes Premises and at the Western Avenue Premises, but also to selling and distributing fentanyl pills, cocaine, and methamphetamine with and for his conspirators. PSIR ¶ 6(a). Moreover, law enforcement observed the defendant enter and exit the Western Avenue Premises numerous times, including while carrying an ammunition box and other suspected contraband into the Western Avenue Premises with his co-conspirator Anthony Zaremski in early April, and while conducting at least one drug transaction in mid-May. PSIR ¶¶ 18-24. In his post-Miranda interview on the day of his arrest, Luizzi identified the participants and scope of the conspiracy, including the sources of the supply of the drugs, admitted that he had sold drugs for the conspiracy, and identified keys in his possession that he used to access the Western Avenue Premises. PSIR ¶¶ 6(e), 34. Indeed, the defendant's Twin Lakes Premises contained bags of fentanyl pills in open shopping bags; drug proceeds; a money counter; multiple firearms, including a defaced shotgun, intended to protect drugs and drug proceeds; as well as other drug paraphernalia, all of which denote that the defendant's participation was not just a "pawn" for the other conspirators. PSIR ¶¶ 6, 29.

The Government also does not believe that Luizzi is comparatively less culpable than Brandon Bartley, who participated in the conspiracy for comparatively less time than Luizzi, and, at least as far as investigators are aware, was not aware of, nor visited the stash of drugs stored at the Twin Lakes Premises. Even so, this Court recently declined to apply the "minimal participant" adjustment to Bartley too. *See United States v. Bartley*, 1:24-cr-00223-AMN (Sept. 24, 2024).

      As to the other members of the conspiracy, Jabree Jones and Anthony Zaremski's greater culpability and control over the entire drug conspiracy, and comparatively more significant role in the scheme, does not necessarily mean that Luizzi is a "minimal participant." Accordingly, the defendant cannot meet his burden and no "minimal participant" reduction under 3B1.2 should be applied.

                                                                            Respectfully,

                                                                            CARLA B. FREEDMAN
                                                                            United States Attorney

                                                                            /s Alexander P. Wentworth-Ping
                                                                            Alexander P. Wentworth-Ping
                                                                            Assistant United States Attorney
                                                                            Bar Roll No. 701897

CC:    Danielle Neroni (*via ECF*)
           Steven Sheffer (U.S. Probation)